# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed:  November 22, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| GENEVIEVE AVILA, | * | |
| | * | |
| Petitioner, | * | No. 19-1728V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Amy A. Senerth*, Muller Brazil PA, Dresher, PA, for Petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 6, 2019, Lydia M. Goode, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 54). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$35,703.78.**

### I. Procedural History

On January 28, 2019, Genevieve Avila ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza vaccine she received on October 19, 2018. *Id.* at Preamble. On December 21, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on December 22, 2023. (ECF No. 49).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 31, 2024, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $35,703.78, representing $28,379.50 in attorneys' fees and $7,324.28 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of his claim. *Id*. Respondent reacted to the fees motion on June 8, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 55). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

**II.     Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

**a.   Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel: for Ms. Amy Senerth, $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, $325.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024; for Mr. Max Muller, $325.00 per hour for work performed in 2019; and for Ms. Leigh Finfer, $185.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $28,379.50.

**b.   Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,324.28. This amount is comprised of acquiring medical

records, postage, travel expenses related to the mediation, and the Court's filing fee. Fees App. Ex. B at 1-2. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner's requested costs also includes expert services performed by Barry D. Fass at a rate of $450.00 per hour. Dr. Fass board certified physician in the field of Physical Medicine and Rehabilitation. Ex. 8 at 1. Dr. Fass is currently the Medical Director of State Neurodiagnostics & Pain Management. Ex. 9 at 2. Dr. Fass received his B.S./M.D. from Howard University in 1982, and completed his residency at Mt. Sinai in 1985, specializing in Physical Medicine and Rehabilitation, including Pediatric Neuromuscular Diseases, EMG Training, Orthopedic Surgery, and Internal Medicine and Neurology. Ex. 8 at 1. Other physical medicine/rehabilitation specialists who have provided expert work in the Vaccine Program have been awarded rates similar to what is sought for Dr. Fass. *See, e.g., Biser v. Sec'y of Health & Human Servs.*, No. 17-1880V, 2022 WL 1868384, at *2 (Fed. Cl. Spec. Mstr. May 4, 2022); *Patel v. Sec'y of Health & Human Servs.*, No. 20-903V, 2023 WL 9503427, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2024). Based upon Dr. Fass's credentials, the undersigned finds that $450.00 per hour is a reasonable hourly rate for his work, and that the hours he billed in this case are reasonable.

Accordingly, petitioner is awarded final attorneys' costs in the amount of $7,324.28.

### III.     Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $28,379.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$28,379.50** |
| | |
| Attorneys' Costs Requested | $7,324.28 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,324.28** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,703.78** |

**Accordingly, I award the following: a lump sum in the amount of $35,703.78, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Amy A. Senerth.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

      **IT IS SO ORDERED.**

                                          **/s/Thomas L. Gowen**
                                          Thomas L. Gowen
                                          Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).